## THE STATE v. DAWSON *et al., Appellants.*

1. **Pleading, Criminal**: INDICTMENT : VENUE : CAPTION. It is not necessary that the venue of an offence should be stated in the body of an indictment. 'It is sufficient if it be stated in the cap- +ion. The jurisdiction stated in the margin of the indictment shall ie taken to be the venue of all the facts stated in the body of the me. R. S., sec. 1813.

   'minal Law: PROCESS: CONTINUANCE. Where a defendant in minal cause has had process seasonably issued for his wit- _ is, it is error for the court to compel him to go to trial before the same is returned, there being nothing to indicate that it was not issued in good faith, or that the same could not be served.

8. —— : EVIDENCE: PRIVILEGED COMMUNICATIONS: ATTORNEY AND CLIENT. A client is protected from a disclosure by his attorney of any information which the latter has derived from him by reason of his employment, whether by words, deeds or acts.

4. ———: ——— : ——— : ———. Upon the trial of defendants

charged with stealing, among other things, "one hundred and six-ty dollars of current silver coin of the United States," it is error to allow their attorney to testify that they paid him as a retainer "forty-five dollars in silver and five dollars in gold." The transac-tion was a privileged communication.

5. ———— : EVIDENCE. Upon a trial for the larceny of "current silver coin of the United States," evidence that the defendant, on the morning after the commission of the offence, exchanged thirty-five copper cents for other coin is irrelevant and inadmissible.

*Appeal from Jasper Circuit Court.* — HON. M. G. McGREGOR, Judge.

REVERSED.

*Cloud & French* and *W. T. Green* for appellants.

The court erred in not quashing the indictment. If it charged a breaking it did not charge the manner of it, nor how the entry was effected. Kelley's Crim. Law, sec. 562, and authorities cited. The indictment should have been quashed for the reason that the names of no witnesses were indorsed on it. *State v. Roy*, 83 Mo. 268. The presumption in such case is that the indict-ment was found without evidence and should be quashed. *State v. Grady*, 84 Mo. 220. There was error in re-quiring defendants' attorney to testify as to facts which came to his knowledge by reason of his employment. They were privileged. Whar. Crim. Evidence, [8 Ed.] sec. 496; R. S., sec. 4017; *Cross v. Riggins*, 50 Mo. 335; *Johnson v. Sullivan*, 23 Mo. 474; *Hull v. Lyon*, 27 Mo. 570; 1 Greenl. Ev. [13 Ed.] secs. 237, 238, and notes, p. 276. The prosecuting attorney should not have been al-lowed to refer to the failure of defendants to testify in their own behalf. R. S., sec. 1919; *State v. Mahly*, 68 Mo. 316; *State v. Martin*, 74 Mo. 547.

*Alfred Moore* and *F. E. Luckett* also for appellants.

(1) The indictment is defective in two fatal partic-

ulars, viz.:   It fails to charge any venue and there are no witnesses indorsed upon it.  The want of the indorsement of witnesses upon the indictment is good grounds of motion to quash.  *State v. Roy*, 83 Mo. 268.  The venue is an indispensable element in every criminal charge. It is a jurisdictional averment and should be laid in the charging part of the indictment.   (2)   The appellant's motion for a continuance should have been sustained. *State v. Hickman*, 75 Mo. 419 ; *Wassels v. State*, 16 Ind. 34, 35, and cases cited ; *Murphy v. Murphy*, 31 Mo. 322 ; *State v. Lett*, 85 Mo. 54, 55.   (3)   The court erred in admitting the testimony of O' Sherrill as to receiving from defendants thirty-five copper cents in change.   It was irrelevant and the error was not cured by an instruction to the jury to disregard it.   *State v. Fredericks*, 85 Mo. 145 ; *State v. Hopper*, 71 Mo. 425 ; *State v. Wolff*, 15 Mo. 172 ; *State v. Daubert*, 42 Mo. 242.   (4)   The court erred in admitting in evidence, over the objection of the accused, the testimony of one of their counsel, Mr. French, as to how much money they paid him when they were first arrested, and his testimony thereof, viz : forty-five dollars in silver and five dollars in gold.   The transaction was privileged.   Speeches, etc., of David Dudley Field, vol. 2, p. 349 ; *State v. Douglass*, 20 W. Va. 780, and cases cited ; *Greenough v. Gaskill*, 1 Mylne & Keene, 101 ; *Com. v. Moyer*, 25 Alb. L. J. 92 ; *Cross et al. v. Riggins*, 50 Mo. 335.

*B. G. Boone*, Attorney General, for the state.

The venue was sufficiently set out.   Under our statute it is not necessary to state any venue in the body of the indictment.   The county named in the margin being taken to be the venue for all facts stated in the body of the indictment.   R. S., secs. 1813, 1821 ;  *State v. Keel*, 54 Mo. 182.   The breaking is explicitly and formally charged to have been done by the means and under the circumstances named in the statute.   This is all that is

required. *State v. Henley*, 30 Mo. 509. The court did not err in refusing to grant defendants a continuance on account of the absence of a witness. A subpœna had been issued for the witness and returned not found, and the prosecuting attorney admitted that such witness would testify, if present, as stated in the application. This clearly authorized the court in overruling the application and proceeding with the trial. R. S., sec. 1886; *State v. Jennings*, 81 Mo. 185; *State v. Henson*, 81 Mo. 384. The evidence of O'Sherrill was not objectionable. Wills on Cir. Ev., top pp. 73, 74; *Cole v. People*, 37 Mich. 544. The court did not err in requiring one of the attorneys for the defence to testify as to the kind of money paid him as a retainer by defendants. The payment of a retainer is not a professional communication. It is a collateral matter not of a private nature, and the witness was properly required to testify in regard to it. *Snow v. Gould*, 74 Me. 540; *Harnman v. Jones*, 58 N. Y. 378; *Alden v. Goddard*, 73 Me. 345; *Com. v. Goddard*, 14 Gray, 402. Defendants' objection that the names of the witnesses for the state were not indorsed on the indictment comes too late when made for the first time in the motion for a new trial. This court has held that it is ground for quashing an indictment if the names are not indorsed, but to be entertained it must be set forth in the motion. This was not done. *State v. Roy*, 83 Mo. 268; *State v. Griffin*, 87 Mo. 608.

HENRY, C. J.—Defendants were indicted for burglary and larceny in the Jasper circuit court at its December term, 1885. The charge in the indictment is, that on, etc., at the county of Jasper (omitting to aver in what state the offence was committed).

The caption is :

"STATE OF MISSOURI, }
                        } ss "
"County of Jasper.   }

On a trial defendants were found guilty and sentenced to imprisonment in the penitentiary for a term of four years each, from which they have prosecuted their appeal. The venue was sufficiently alleged. Sec. 1813 R. S. provides that: "It shall not be necessary to state any venue in the body of the indictment or information; but the county or other jurisdiction named in the margin thereof shall be taken to be the venue of all the facts stated in the body of the same."

The grand jury found the indictment on the eleventh day of December, 1885. On the same day the defendants were arraigned and pleaded not guilty. The seventeenth day of December was set for the trial of the cause. On the fourteenth day of December defendants had a subpœna issued and directed to the sheriff of Jackson county for J. S. Barnhill, a witness for defendants, in their affidavit stating that they had it issued as soon as they ascertained where the said witness was to be found, and also stating the facts they expected to prove by him, which, if true, tended to establish their innocence of the charge. The prosecuting attorney admitted that, if present, Barnhill would testify to the facts alleged in the affidavit, and thereupon the court overruled the application for a continuance and compelled defendants to go to trial. The precise question which arises upon the above facts was not passed upon in either of the cases cited and relied upon by the Attorney General. In the *Jennings case* the witnesses had been subpœnaed, but on account of sickness were unable to attend. No attachment was asked, and if it had been "would have been ineffectual to secure their attendance." Upon the admission made by the state that the absent witnesses would testify as alleged in the affidavit, the continuance was refused. *State v. Jennings*, 81 Mo. 190.

So in the case of *State v. Henson*, 81 Mo. 385, the subpœnas were returned not served. In *State v. Hickman*, 75 Mo. 416, the question under consideration was

decided adversely to the state. There the court said, Hough, J., delivering the opinion: "Process for the defendant's witnesses having been seasonably issued, we think the circuit court erred in compelling him to go to trial before the same was returned, there being nothing in the application for a continuance, or in the record before us, indicating that the subpœnas had not been issued in good faith, or that the same could not be served." The argument made by the learned judge to sustain that view is unanswerable and I could not add to its force.

The court also erred in permitting Mr. French, defendants' attorney, to testify as to the kind of money defendants paid him as a retainer, viz: forty-five dollars in silver and five dollars in gold. They were charged with stealing among other things, one hundred and sixty dollars "of current silver coin of the United States." Our statute, which provides that an attorney shall not be competent to testify "concerning any communication made to him by his client in that relation or his advice thereon without the consent of such client," is but declaratory of the common law. It was not designed to, nor does it, narrow the common law privilege. Nor at common law was the privilege confined to verbal or written communications made by the client to his attorney, but extended as well to information communicated by the client to the attorney by other means.

In the case of *Robson v. Kemp*, 5 Espenasse, 56, Lord Ellenborough said: "This is a transaction with which the party has only become acquainted from being employed as an attorney. The act cannot be stripped of the confidence and communication as an attorney, the witness being then acting in that character. One sense is privileged as well as another. He cannot be said to be privileged as to what he hears, but not as to what he sees, where the knowledge acquired as to both has been from his situation as an attorney."

" The foundation of this rule is not on account of any particular importance which the law attributes to the business of the legal professors, or any particular disposition to afford them protection. * * * But it is out of regard to the interests of justice which cannot be upholden, and to the administration of justice which cannot go on without the aid of men skilled in jurisprudence, in the practice of the courts and in matters affecting rights and obligations which form the subject of all judicial proceedings." Lord Brougham in *Greenaugh v. Gaskell*, 1 Myl. &. K. 103.

Mr. Greenleaf, in his work on evidence, says that : "The great object of the rule seems plainly to require that the entire professional intercourse between client and attorney, whatever it may have consisted in, should be protected by profound secrecy." 1 vol., sec. 240.

" If such communications are not protected no man would dare consult a professional adviser with a view to his defence, or to the enforcement of his rights, and no man could safely come into court, either to obtain redress or to defend himself." Lord Brougham in *Bolton v. The Corporation of Liverpool.*

The reason of the rule protects a client from a disclosure by his attorney, not only of what he has communicated to his attorney orally or in writing, but of any information derived by the attorney from being employed as such, any information which he has derived from his client, whether by words, signs or acts ; and to restrict the privilege to oral or written communications would make the rule infinitely narrower than the reason upon which it is based.

O'Sherrill was permitted to testify that the morning after the burglary two of the defendants exchanged thirty-five copper cents with him for other money. The relevancy of this testimony is not perceived. They were not charged with having stolen any copper coin. It is also stated in the brief of defendants' counsel that the

sheriff was permitted to testify that he had taken three watches from the defendants, which were exhibited to the jury, but we have searched the record in vain to find that any such testimony was adduced. All that we find on the subject is, that the sheriff testified that he "took about seventy-seven dollars from the three in silver." "Witness shows money and property in presence of jury which he took from defendants." What that property was nowhere appears, nor was any objection or exception taken to the admission of the testimony.

We have given the record a careful examination and find no errors of magnitude sufficient to warrant a reversal of the judgment except those above noted, for which it is reversed and the cause remanded. All concur.

SHERWOOD, J., CONCURRING.—I concur in reversing the judgment, but not in all that is said in the above opinion, and I may hereafter add some additional observations.