## THE STATE v. BROWN, Appellant.

### Division Two, February 12, 1901.

Indictment: VENUE: HOW STATED. Under section 2527, Revised statutes 1899, an indictment which lays the venue in its margin is good, although it may omit to specify in its body the name of the county in which the alleged offense is committed.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

State v. Brown.

The venue stated in the margin or caption of the indictment is taken to be the venue of all the facts stated in the body of the same, and in this case the county is indicated as Howell, the same as contained in the margin or at the caption. Sec. 2727, R. S. 1899; State v. Fraker, 148 Mo. 157; State v. Simon, 50 Mo. 370; State v. Keel, 54 Mo. 182; State v. Dawson, 90 Mo. 149; State v. Beaucleigh, 92 Mo. 490. The defendant was fairly tried, and the indictment free from objection.

GANTT, J.—The defendant was indicted, arraigned and convicted of burglary in the second degree, in the circuit court of Howell county. No counsel has appeared for him in this court and we are left to an examination of the record, and the brief of the Attorney-General.

We discover no error in the instructions and the evidence was abundant to justify the verdict.

The point upon which we suppose the appeal was taken is found in the failure of the indictment to specify in its body the county in which the burglary was committed.

To specify more particularly, the indictment was as follows:

"State of Missouri,
⎱ ss.
"County of Howell. ⎰

"The grand jurors for the State of Missouri, summoned from the body of Howell county, impanelled, charged and sworn upon their oath present that one Henry Brown, late of the county aforesaid on the twenty-first day of November, 1899, at the —— county of State aforesaid, did, etc."

This point is found in the motion in arrest: "The indictment does not charge where the alleged offense was committed," evidently referring to the unfilled blank in the name of the county, in charging the venue.

The indictment however is not rendered bad by this omission. Section 2527, Revised Statutes 1899, provides: "It shall not be necessary to state any venue in the body of any indictment or information; but the county or other jurisdiction named in the margin thereof shall be taken to be the venue of all facts stated in the body of the same." Howell county having been named in the margin as the venue, the indictment was sufficient. [State v. Fraker, 148 Mo. 157; State v. Simon, 50 Mo. 370; State v. Beaucleigh, 92 Mo. 490; State v. Dawson, 90 Mo. 149; State v. Keel, 54 Mo. 182.]

Discovering no error we affirm the judgment. *Sherwood, P. J.,* and *Burgess, J.,* concur.