BOND et al., Respondents, v. SANDFORD, Appellant.

St. Louis Court of Appeals, December 15, 1908.

1. PRACTICE: Prima-Facie Case: Demurrer to Evidence. In an action on an account the defendant could not rely upon a special contract in discharge of the account without pleading it, but if the plaintiff's own evidence affirmatively showed such a defense, a demurrer to the evidence should have been sustained. In this case under a proper interpretation of the evidence, the demurrer was properly overruled.

2. ————: Instruction: Variance. Instructions framed upon issues outside of the pleading should be refused.

3. ————: Evidence: Letters: Carbon Copies. Carbon copies of letters written by the party producing them to the opposite party are properly admitted in evidence, where the other party does not produce them at the trial on the request of the party desiring to produce them, although no statutory notice is given to produce such letters.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster*, Judge.

AFFIRMED.

*John A. Talty* for appellant.

It is the duty of the court to ascertain and interpret the meaning of written instruments as a matter of law, and this duty cannot be shifted to a jury. Ford v. Dyer, 148 Mo. 541. Parties under the law are left free to make their own contracts, and it is the duty

of the court to interpret them. Walker v. Automobile Co., 124 Mo. App. 636; Loesch v. Casualty & Surety Co., 176 Mo. 669. Under this contract the appellant not being "satisfied" to pay more than five hundred dollars, the respondents could not recover more. Butler v. Mill Co., 28 Minn. 205; Frary v. Rubber Co., 52 Minn. 264; Taylor v. Brewer, 1 Maule & Selwyn 290; Bush v. Koll, 2 Col. App. 48; Koehler v. Bull, 94 Mich. 496; Zaleski v. Clark, 44 Conn. 218; Kendall v. West, 196 Ill. 221; Reaping & Mowing Co. v. Smith, 50 Mich. 565; McCormick v. Finch, 100 Mo. App. 641; Brown v. Foster, 113 Mass. 136; Singerly v. Thayer, 108 Pa. St. 291; Reeves v. Chandler, 113 Ill. App. 167; Blaine v. Knapp & Co., 140 Mo. 241; Walker v. Automobile Co., 124 Mo. App. 628.

*Bond, Marshall & Bond pro se.*

Carbon copies of letters are practically originals. Wright v. Railroad, 118 Mo. App. 397, citing 1 Elliot on Evidence, sec. 208; Greenleaf on Evidence (16 Ed.), sec. 563, p. 698; Hubbard v. Russell, 24 Barb. (N. Y.) 404.

BLAND, P. J.—Plaintiffs are partners, located in the city of St. Louis and engaged in the practice of law. Defendant is also a lawyer and resides in the city of Jackson, Missouri. In 1905, a judgment was rendered against defendant, in the Bollinger Circuit Court, for about eight thousand dollars. He appealed from this judgment to the Supreme Court and employed plaintiffs to represent him in said cause. Judge William C. Marshall, one of the plaintiffs, briefed and orally argued the case in the Supreme Court for defendant. The action is to recover the reasonable value of plaintiffs' services, plus $18.25 costs expended by plaintiffs for defendant at his instance and request. The petition alleges the reasonable value of plaintiffs' services to be $2,000, alleges a credit of $500, and prays judgment

for the balance of $1,500, plus the sum of $18.25. The answer was a general denial and a plea of payment of $500, in discharge of defendant's indebtedness to plaintiffs. The trial was to a jury, who returned a verdict for plaintiffs for the sum of $768.25, for which judgment was rendered. Defendant duly appealed from this judgment.

The evidence shows that on April 26, 1906, defendant wrote Judge Marshall soliciting his services. The letter concluded with this sentence: "If you take case please intimate amount of your fee and payments. I expect to prepare to pay promptly." Thereafter the following letters were written and received: (Marshall (for Bond, Marshall & Bond), to Sandford, April 27, 1906).

"As well as I can now understand the case and the labor to be expended, it seems to me that a retainer of $500 would be a proper charge. Then when the brief is prepared and the case is argued, if this is not a sufficient compensation we can agree what other amount, if any, ought to be charged. The retainer, of course, to be all that is paid until then. If this is satisfactory you can send us a check for that amount," etc.

Sandford to Marshall, May 21, 1906:

"The charge of $500 will be satisfactory to me, but I would prefer to have the amount settled. After looking over the record you will see there are really but two questions for consideration. First, the construction of the will, one of law, and, second, my allowance for services. I can pay by the first of August without inconvenience, and you need not take up the case until payment is made. I only want it understood you will accept the fee. My health is quite poor and I desire to arrange for this matter, and am glad you are associated with the firm so that there will always be some one to look after the case."

Bond, Marshall & Bond to Sandford, May 22, 1906:

"Yours of the twenty-first inst. received: Unless there is something more in the case than we now know of there will be no further charge than the $500, but in any event there shall be no misunderstanding between us, and you shall be satisfied."

Other correspondence followed between the parties but it is of no importance in the determination of this appeal.

Plaintiffs offered evidence tending to prove the reasonable value of their services. Defendant offered countervailing evidence. Plaintiffs also offered evidence showing that instead of there being but two questions for consideration in the case appealed to the Supreme Court, as represented by defendant, there were in fact six, and that the six were briefed and orally argued by Judge Marshall. Plaintiffs also offered evidence showing that on the appeal, the judgment of the circuit court was cut down $4,876.18 by the judgment of the Supreme Court.

1.   At the close of plaintiffs' evidence, and again at the close of all the evidence, defendant offered an instruction in the nature of a demurrer to the evidence. The refusal of the court to grant these instructions is assigned as error. Defendant's contention is that plaintiffs, by their letter of May 22d, agreed that no fee in excess of the retainer of $500 paid would be demanded, unless defendant was satisfied that additional compensation should be paid, and as he was not satisfied to pay more, more could not be recovered. Defendant, on the day before the trial, without notice to plaintiffs, filed an amended answer in which the defense was expressly pleaded but this amended answer was stricken out on motion of plaintiffs, because filed out of time. The issues were made by the petition and the answer, containing a general denial and a plea of payment, so defendant's contention is outside the scope of the plead

ings. But the evidence upon which he relies to support his point was introduced by plaintiffs, and if this evidence shows affirmatively that they cannot recover, the court should have sustained the demurrer to their evidence. [State v. Cunningham, 154 Mo. 161; Engleking v. Railroad, 187 Mo. 158; Charlton v. Railroad, 200 Mo. 418.] It is axiomatic that parties are free to make their own contracts and it is well-settled law that courts will enforce their contracts as made unless it would be unconscionable to do so. [Blaine v. Knapp & Co., 140 Mo. 241; Walker v. Automobile Co., 124 Mo. App. 628, and cases cited in the opinion.] The contract between the parties to the suit is not all embraced in the letter of May 22d. The correspondence prior to the letter of that date should be looked to for the purpose of ascertaining what was in the mind of Judge Marshall when he wrote that letter; at the date it was written, Judge Marshall did not have in his possession nor had he seen the record of the case appealed to the Supreme Court by defendant, but defendant, in his letter of May 21st, had represented that there were but two questions for consideration by the Supreme Court, namely, the construction of defendant's father's will and an allowance to himself for certain services he claimed to have rendered as trustee under said will. On the assumption that these representations were true, and in the belief that but the two questions would be presented to the Supreme Court, Judge Marshall wrote there would be no charge in addition to the retainer of $500; but he reserved the right to make an additional charge if it was found, on an examination of the record, to be advisable to brief and argue other questions than those mentioned by defendant, closing the letter with the clause, "but in any event there shall be no misunderstanding between us, and you shall be satisfied." Judge Marshall was writing to a client, who was himself an

experienced lawyer and whom he expected, and had a right to expect, would be satisfied to pay additional compensation for extra work over and above what he had represented would be necessary to properly present his case to the Supreme Court. Judge Marshall did not mean that defendant, at his option, should pay or not pay for any extra work or services made necessary, or that he might find necessary. Any other construction of the contract would give defendant the power to arbitrarily refuse to pay any sum in excess of the retainer of $500 as compensation, regardless of the value of said services and irrespective of the fact that defendant had represented to plaintiffs that the extra services rendered would not be required or necessary to a proper determination of the case by the Supreme Court, and we think the letter of May 22 means that for extra services, if found necessary, a reasonable charge would be made and that defendant, as a reasonable man and lawyer would be satisfied with the charge, and conclude that the demurrer to the evidence was properly refused.

2.   The instruction given on behalf of plaintiffs are in accord with the views herein expressed and are approved.

3.   Defendant asked the following instructions, which the court refused to give:

"5.   If you find and believe from the evidence that it became and was an issue in said case of Albert v. Sandford as to whether or not the defendant, Sandford, was entitled to charge the trust estate in his hands as trustee with an attorney's fee or fees for attorneys representing him in said litigation, and as to what would be and was a reasonable fee, and that the plaintiffs were defendant's attorneys in making said contention in the Supreme Court of Missouri, and in presenting the same to said court, and that the plaintiffs urged the said court that the defendant was entitled to reasonable attorney's fees, and that the Su-

preme Court thereafter handed down its opinion and judgment in said cause, wherein and whereby it decided that the defendant's fees, and that the defendant had then at said time that said opinion and judgment were rendered, paid out for attorney's fees in said case sums aggregating $1,200, and that the plaintiffs were at said time advised of said fact, and that the plaintiffs did not take or file any exception to the finding of said Supreme Court and did not move for a rehearing of said cause, and did not thereafter state or suggest to said Supreme Court that said sum of five hundred dollars was not a reasonable attorney's fee, then the court instructs you that under the pleadings and the evidence in this case your verdict will be for the defendant.

"4. If you find and believe from the evidence that the plaintiffs wrote and sent the defendant the letter of May 22, 1906, in evidence, with the intention on their part or on the part of the one sending the same, of inducing or persuading the defendant to believe that they would not charge him more than five hundred dollars for their legal services in said case of Albert v. Sandford, and that their purpose, or the purpose of any one of them, was to induce the defendant to retain them as counsel in said case, and that defendant was in fact induced by said letter to believe and that he did believe, that plaintiffs would not charge him more than five hundred dollars for their services in said case, and that it was because of this belief that he decided to and did retain the plaintiffs as his counsel, and sent them a copy of the printed record in said case of Albert v. Sandford for the purpose of having them proceed with the work of getting up their brief in said case, and that defendant would not have employed the plaintiffs but for such belief, and that defendant has paid plaintiffs said five hundred dollars, then the court instructs you that under the pleadings and the evidence in this case your verdict will be for the defendant.

"6. The court instructs the jury that the words 'you shall be satisfied,' as used in the letter from plaintiffs to defendant, dated May 22, 1906, mean not that plaintiffs' charge should be or ought to be satisfactory to the defendant, but that, in fact, the same would be satisfactory to him."

Instructions numbered 4 and 5 are outside any issues made by the pleadings and for that reason were properly refused. [Christian v. Insurance Co., 143 Mo. l. c. 469.] Number six, as we have seen, put an erroneous construction on the letter of May twenty-second.

4. Plaintiff failed to give defendant statutory notice to produce some of the letters written by them and received by him, and defendant, either not having these letters at the trial, or having them and refusing to produce them on plaintiff's verbal request, plaintiff, over the objection of defendant, were allowed to read carbon copies of such letters, to which defendant objected and excepted. In Wright v. Railroad, 118 Mo. App. l. c. 397, Judge ELLISON, writing the opinion of the Kansas City Court of Appeals, said: "Something was said in the testimony as to carbon copies of the scale tickets. This, we understood to mean several copies made at one writing of the weight upon the paper ticket. Such carbon copy is practically an original and there can be no objection to receiving it as evidence. [1 Elliott on Evidence, sec. 208.]" This is not only a sane ruling but an intelligent one and therefore worthy of being followed.

5. No point is made in defendant's brief on the action of the court in striking out his amended answer.

No reversible error appearing, the judgment is affirmed. All concur.