## S. G. WHITAKER, Respondent, v. BELL OIL COMPANY, a Corporation, Appellant.

### Springfield Court of Appeals, June 16, 1914.

1. **COMMISSIONS: Principal and Agent: Evidence Reviewed.** Action by agent for commission for selling oil, a counterclaim being set up by defendant. Evidence reviewed, examined and considered sufficient to sustain the verdict rendered by the jury for plaintiff.

2. ———: ———: **Evidence Admitted.** In an action by an agent for commission for selling principal's oils, where defendant admits in its answer a certain item on which commission was claimed there was no error in admitting testimony as to the right of the plaintiff to recover a commission thereon.

3. ———: **Evidence: Writings.** In an action for commission for selling oils, the court committed no error in permitting the plaintiff to inquire of the defendant's auditor concerning certain correspondence, the witness not undertaking to testify as to its contents.

4. **PRINCIPAL AND AGENT: Commissions: Counterclaims: Evidence.** In an action for commission on account of the sale of oils, where the contract between the parties provided that defendant should pay the freight, evidence as to payment of freight by plaintiff was admissible without it being alleged in the petition as bearing on a counterclaim filed by defendant for sales and oil not accounted for.

5. ———: ———: **Sales on Credit: When Not to be Deducted.** An agent selling oils for defendant principal in certain territory was not obliged to account for sales on credit made by another representative of defendant where plaintiff simply made deliveries and the purchasers paid the defendant directly.

6. **APPELLATE PRACTICE: Harmless Error.** In an action for commission the admission of a certain letter is considered and *held*, if an error at all, to be a harmless one.

7. **INSTRUCTIONS: Harmless Error: Assuming Unnecessary Burden.** Where respondent by an instruction given at his request assumed a greater burden than was necessary, the error, if any, being favorable to appellant harmless.

8. ———: **Requested Instruction Covered by Others Given: No Error in Refusal.** In an action for commission for sale of oils where defendant set up a counterclaim for certain sales

and oils not accounted for, there was no error in refusing an instruction to the effect that plaintiff could not recover commissions on sales not accounted for, where other instructions charged that plaintiff should be responsible for the full amount of *all sales* not accounted for.

9. **EVIDENCE: Improperly Admitting: Cure by Subsequent Ruling and Instructions.** Though error may have been committed by the trial court in a remark concerning the admissibility of certain testimony it was cured by a subsequent ruling that the testimony was improper and by an instruction to disregard the same.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

AFFIRMED.

*Bradley & McKay* for respondent.

(1) It was not error to permit the respondent, Whitaker, to testify about an agreement he had with Bay, agent of appellant, as to one and one-half cents per gallon commission, because defendant, appellant, admits in its answer that respondent sold 6892 gallons of oil upon which he was to receive one and one-half cents per gallon. Deal v. Cooper, 94 Mo. 62; R. S. 1909, Sec. 2082; Cross v. Gould, 131 Mo. App. 585; Freeland v. Williamson, 220 Mo. 217; Hilz v. Railroad, 101 Mo. 36. (2) The contract is silent whether the respondent was to sell for cash or on credit, but assuming that he should have sold for cash, the evidence discloses that he accounted to the appellant for all the oil shipped to him that he was required to account for. (3) Plaintiff's (respondent's) instructions fairly submit the law of the case as made up by the pleadings and evidence, and if erroneous, could not have changed the result under the evidence. Fitzgerald v. Barker, 96 Mo. 661; King v. King, 155 Mo. 406; Otto v. Bent, 48 Mo. 23. (4) It is not error to refuse instruction No. 1A, asked by appellant because it was in direct contradiction with the uncontradicted evi-

dence of Whitaker. Therefore it could not have been an error to have refused instruction No. 1A, because there was no evidence upon which to base it; besides the defendant's instructions fairly submit the issues as contended for by the defendant. Pritchard v. Hewitt, 91 Mo. 547; Henchen v. O'Bannon, 56 Mo. 289; Porter v. Harrison, 52 Mo. 524; Cooper v. Johnson, 81 Mo. 483.

*Frank K. Ryan* and *Sheppard & Green* for appellant.

(1) The court erred in admitting incompetent evidence on behalf of the plaintiff. Parole evidence is not admissible to prove the contents of a written instrument. Jones on Evidence, p. 248 and cases there cited; Price v. Hunt, 59 Mo. 258; 17 Cyc. 466-471; Filley v. Talbot, 18 Mo. 416; Benton v. Craig, 2 Mo. 198; 2 Greenl. on Ev., Sec. 481; County v. Railroad, 58 Mo. 372; Farrell v. Brennan, 32 Mo. 328; Carr v. Carr, 36 Mo. 408; Kuhn v. Schwartz, 33 Mo. App. 610; Cockrill v. Kirkpatrick, 9 Mo. 697; 31 .Cyc. 685; Browning v. Walburn, 45 Mo. 477. (2) Mere authority to sell does not give the agent authority to sell on credit. If the agent sells for credit and not for cash, the agent is liable to the principal for losses sustained thereby. 31 Cyc., p. 1357; 31 Cyc. 1460; Furth v. Miller, 67 Mo. App. 241. (3) The court erred in giving instructions numbered 1 and 2 on behalf of plaintiff. There is no competent testimony in this record showing that respondent was entitled to a commission of one and a half cents per gallon on any oil which he was to sell. (4) The court erred in refusing instruction No. 1-a asked by appellant. The respondent could not, while acting as agent of appellant, have received quantities of oil and then having failed to account for said oil, or the proceeds thereof, ask and receive commission for selling this same oil. 19 Cyc., p. 153; Smith v.

Crews, 2 Mo. App. 269; Brack v. Hart Commission Co., 57 Mo. App. 605; Dennison & Company v. Aldrich, 114 Mo. App. 700; 31 Cyc., p. 1500.

ROBERTSON, P. J.—Plaintiff sued to recover $416.10 as commission on the sale of oils, defendant counterclaimed for $801.29, the trial to the jury resulted in favor of the plaintiff for the full amount sued for and against the defendant on its counterclaim, from which it has appealed. Defendant was a corporation having its chief office in St. Louis.

Plaintiff alleges in his petition that under a contract with the defendant he sold in Senath, Dunklin county, and vicinity 30,409 gallons of oil products for which he was to receive a commission of $304.09 and 6892 gallons for which he was to receive a commission of one and one-half cents per gallon, amounting to $104.38, and that there was sold in said territory $700 worth of lubricating oil upon which he was to receive ten per cent on the selling price, or $70, making a total of $478.38, no part of which the defendant had paid except the sum of $62.20. The written contract on which the petition is based was entered into in March, 1910, and provided that the plaintiff was thereby appointed the agent of the defendant for the sale and distribution of the defendant's oils at said Senath, the defendant agreeing to pay him a commission of fifty cents per barrel, one cent per gallon, on all gasoline, naptha and coal oil, and ten per cent on the selling price of all lubricating oils sold by the plaintiff, said commissions to be due and payable on the first day of each succeeding month, and also providing that all consignments of oil or other products or property should remain the property of the defendant, that the defendant should pay all freight but that the plaintiff should at his expense unload all cars and haul and deliver to the warehouse or storeroom all consigned products, the plaintiff agreeing to make

prompt and regular deliveries to the merchants and others to whom sales were made according to the usual and customary manner of making such deliveries then prevailing at the place of business of the plaintiff. It was also agreed that the plaintiff should promptly haul and deliver in good order to the railroad station all out of town shipments from said Senath, properly marked and tagged, and receive from the carrier proper bills of lading and should make prompt weekly reports of all sales made and for all orders, and delivery slips properly signed by the purchaser, and deposit all moneys collected on account of sales at the end of each week in a bank in Senath to the credit of the defendant.

The defendant answered, admitting the contract and alleging that it shipped and delivered to the plaintiff at Senath under the said contract 31,694 gallons of oil on which he was to receive one cent per gallon and 6892 gallons upon which he was to receive an additional one-half cent per gallon as commission; that the plaintiff sold $42.98 worth of lubricating oil on which he was to receive a commission of ten per cent of the selling price; and that the plaintiff had received $62.20, as stated in his petition, as commissions from the sale of said oils; that the plaintiff sold the oils of defendant for cash from March 7, 1910, to October 23, 1911, to the amount of $1238.77, "as shown by the said tickets made by plaintiff and kept in the delivery ticket books; that plaintiff collected cash, as per his report, on other items of oil than those shown by the delivery tickets, the sum of $320.60; that plaintiff owes defendant on refined oil shipped to him and not accounted for the sum of $318.67, and that the plaintiff owes defendant on lubricating oils shipped to him and not accounted for the sum of $104.12, making a total of cash due defendant from plaintiff of $1982.16; that plaintiff is entitled to commision on oils sold $1180.87, leaving a balance due this defendant, after allowing plaintiff all

just credits for commissions to which he is entitled, of $801.29." All of which, it is stated in the answer, appears by the itemized statement of the entire account between the plaintiff and defendant attached to and filed with the answer and asked to be made a part thereof. To this answer the plaintiff filed a reply.

From the testimony it appears that prior to the time when the plaintiff and defendant entered into their contract, the defendant had other parties as its local agent at Senath and also had there a warehouse where its goods were stored for distribution. The contract is not dated but the testimony discloses that it was executed about March 7, 1910, and that the plaintiff continued to act as the agent of the defendant until October 23, 1911, at which time the defendant sent to Senath its auditor who inventoried the oils in its warehouse there and discovered, according to the claim made in the answer, the shortage for which defendant seeks to recover as for shipments made and not accounted for. The testimony also discloses that prior to and during the time plaintiff acted as defendant's agent it had in the vicinity of Senath a representative, Bay, who signed the contract involved and who was engaged in selling lubricating oil to be delivered from its warehouse at Senath.

The testimony in behalf of the plaintiff tended to prove the allegations of his petition. The defendant sought to prove its defense and counterclaim by relying exclusively on the tickets of sales claimed to have been sent by the plaintiff, and the shipments and inventory of oils, at the time above referred to, and by the bank account of the deposits made by the plaintiff at Senath in the name of the defendant. The tickets were made and signed by the plaintiff in triplicate, one retained by him, one delivered to the purchaser and the other sent to the defendant. The defendant placed its auditor on the witness stand who identified certain tickets, which it offered in evidence, only one

of which is set out in the record, which tickets designated the party to whom the sale was made, the quantity, quality and the value of the oil sold. The record recites that all of the tickets offered showed the amount with which the plaintiff was charged as set out in the statement filed with the defendant's answer. In the statement accompanying the answer appear the names of several individuals who testified in the case that they had paid for their purchases direct to the defendant, but the defendant in his statement charges the plaintiff with sales to these parties amounting to over $400.

The plaintiff filed an unchallenged additional abstract of the record in which it is disclosed that the defendant in rendering its account duplicated tickets to the amount of $221.90 and that there were other errors in the delivery tickets which amount to $11.35. The plaintiff also sets forth in his additional abstract tickets which were included in the defendant's statement but which were not signed by the plaintiff, amounting to $1875.15. He also asserts in the additional abstract that according to the tickets the defendant had him charged with sales to seven different parties and firms to the amount of $1042.65, when there was uncontradicted testimony by all of these purchasers that they had paid their accounts direct to the defendant. One witness who so testified stated that his account, which he had so paid to defendant, amounted to five or six hundred dollars.

In this confused state of the record, it is apparent that the jury may have properly concluded that the defendant was justly indebted to the plaintiff on account of commissions for the sale of oil in at least the sum sued for, and that he owed the defendant nothing under the counterclaim. It appears that the plaintiff did not possess the ordinary qualifications of an accountant and it is equally apparent that the defendant was careless in keeping its accounts with him. The

confusion appears to have arisen by reason of the defendant charging plaintiff with oil sold to parties who paid therefor direct to the defendant and then undertaking to hold the plaintiff for the same because his tickets for such sales were sent to the defendant and no deposit made by him to cover these sales.

At the close of the testimony the court instructed the jury in behalf of the plaintiff along the lines of the allegations in his petition and also that if they found and believed from the evidence that the plaintiff delivered oils which were sold by the defendant's agent, Bay, and that the same was then unpaid, that they would not charge the plaintiff with such sales.

The defendant requested and was refused an instruction (No. 1A) to the effect that if the jury believed that the plaintiff, while acting as the agent of the defendant, received oil for which he failed to account to the defendant, that then he was not entitled to any commission thereon; but the court gave in behalf of the defendant an instruction which included, among other things, its entire defense and the same proposition involved in the refused instruction.

The appellant assigns error, as ground for a reversal, as follows: (a) that the court erred in admitting testimony as to the contract, which it asserts was in writing, in regard to the right of the plaintiff to recover a commission of one and a half cents per gallon on the 6892 gallons of oil sold by him; (b) that the court erred in permitting the plaintiff to inquire of defendant's auditor when upon the witness stand relative to some correspondence concerning a sale of oil to a firm; (c) that the court erred in admitting testimony of freight paid by the plaintiff on oil which was shipped to the warehouse at Senath; (d) that the plaintiff had no authority to extend credit for any of the oil sold by him; (e) that error was committed in allowing the plaintiff to offer in evidence a copy of a letter written by the plaintiff to the defendant; (f)

that an instruction given in behalf of the plaintiff, which allowed the plaintiff to recover a commission on the 6892 gallons of oil, was erroneous because it is said that the only testimony upon which it could be based was the contract which the plaintiff claims to have had with said Bay; (g) that the court erred in giving another instruction in behalf of plaintiff which told the jury that if they found that Bay sold lubricating oil, which the plaintiff delivered, that then the plaintiff could not be charged with the selling price thereof; and that if the plaintiff is entitled to a commission on such oils sold by Bay then he should be responsible for the purchase price; (h) that the court erred in refusing said instruction No. 1A asked by the defendant; and (i) that the verdict of the jury is against the law and the evidence of the case.

Taking these assignments up in their order, we hold (a) that the court did not err in admitting testimony as to the right of the plaintiff to recover a commission of one and a half cents per gallon on the 6892 gallons for the reason that the defendant in its answer admits that item.

(b) There was no error committed by the court in permitting plaintiff to inquire of the defendant's auditor concerning correspondence because the witness did not undertake to testify as to its contents. When asked what this correspondence disclosed, he stated that he could not say exactly and did not undertake to say.

(c) When the plaintiff was upon the witness stand he testified, over the objection of the defendant that no such charge was made in the petition, that he had paid freight upon oil shipments to Senath to the amount of $42.01. The contract provided that the defendant was to pay the freight and it was not necessary for the plaintiff to allege this item in his petition in order to receive the benefit of it in this case. The defendant does not deny that the plaintiff paid the

freight, and it was a proper item for the consideration of the jury in arriving at a verdict on the defendant's counterclaim and in determining the alleged shortage of the plaintiff. The plaintiff was not setting it up as a claim but as an item to be considered in the accounting insisted upon by the defendant; and the same may be said as to some rent which the plaintiff says he paid for the warehouse for which the defendant was liable.

(d) The plaintiff made no claim that he had extended any credit to any parties to whom he had made sales or that he was seeking to recover a commission for the sale of oil for which payment had not been made, but he did prove without contradiction that numerous and large sales were made by the defendant's salesman, Bay, and that the deliveries were made by the plaintiff. The testimony tends to show that in all such sales the purchasers had paid direct to the defendant. Under those facts it cannot be said that the rule announced by the appellant (d), that an agent with authority to sell has no right to sell on credit, is applicable to this case. Plaintiff did not make the sales nor extend the credit, and if he had we would not be authorized to disturb the verdict in this case because the evidence as to the payment of those accounts was sufficient to support the verdict.

(e) No prejudicial error was committed by the court in admitting the copy of the letter of which appellant complains. The testimony does not disclose that the letter was a carbon copy such as was held admissible in Leschen v. Brazelle, 164 Mo. App. 415, 417, 144 S. W. 893, and in Bond v. Sandford, 134 Mo. App. 477, 484, 114 S. W. 570, or whether it was a copy made by the plaintiff from memory. The defendant's auditor, when being interrogated relative to this letter before it was offered, stated that if any such letter had been received it had been lost. The admission of the letter, however, could not have prejudiced

the defendant's rights because it only referred to the fact that the plaintiff was sending his books in regard to an account with some of the parties to whom oil had been sold and in which the plaintiff stated that the parties had not paid him anything and that they would make an affidavit to that effect. The uncontradicted testimony was that these parties had paid their accounts direct to the defendant.

(f) The defendant admitted in its answer that plaintiff was entitled to the commission on 6892 gallons of oil at one and a half cents per gallon and, therefore, the objection now made to the instruction covering that point is not well taken because the plaintiff assumed therein a greater burden than was necessary.

(g) This point has been covered by what we have said under paragraph d.

(h) This objection is based on the argument that instruction No. 1A, requested by the defendant and refused, required the jury to ascertain if the plaintiff was claiming commission on the sale of certain quantities of oil sold by him for which he had not accounted to defendant and that, therefore, it was not cured by the instruction given in behalf of the defendant which required the jury to consider as one item in the counterclaim the oil, if any, "which plaintiff sold and for the proceeds of which he did not account to the defendant." But the appellant overlooks the fact that if the jury believed there was any such item with which the plaintiff should be charged they were required to charge him with the *whole* proceeds of the sale, the result of which would deprive him of his commission, and under the instruction the *full* amount of any such sale would have been deducted from his claim for commissions.

(i) From what has been said, it is evident that the insistence of the appellant that the verdict is against the law and the evidence is not well taken.

The contract provides that the plaintiff was to receive a commission of ten per cent on the selling price of all lubricating oil sold by him. The testimony of the plaintiff is to the effect that he "never sold a gallon," that the representative of the defendant, Bay, made all of the sales, but that the plaintiff made the deliveries and reported them as other sales to the defendant. Plaintiff alleges in his petition, as we above state, that he was to receive ten per cent on the *selling price* of all lubricating oils and "that of this class of oil products he sold and caused to be sold in his territory and there was sold in his territory on which he was to receive a ten per cent. commission the sum of seven hundred ($700) dollars worth of lubricating oil, on which plaintiff's commission amounted to seventy ($70) dollars." The defendant's answer admits that the plaintiff was to receive "a commission of ten per cent on the selling price of all lubricating oil." In its answer the defendant gives the plaintiff credit for some commission on the sale of lubricating oil, and, since there was no objection to the testimony offered upon this point, the contract as alleged by the plaintiff being admitted and the plaintiff's testimony being undenied that defendant sold his lubricating oil, there was ample testimony upon which to submit this question to the jury upon the theory, if no other, that the contract alleged by the plaintiff and admitted by the defendant was a separate and distinct provision, as to lubricating oil, from the written contract, or that it was a modification thereof made and acted upon by the parties.

Another point also suggested in the brief is as to a remark made by the trial judge concerning the admissibility of testimony about transactions claimed by the plaintiff to have been had with defendant before the date upon which the contract was signed, but the court subsequently ruled that such testimony was not proper and in an instruction told the jury that nothing prior

to that date could be considered. This cured any error the court may have committed in making the remark of which the defendant now complains.

The judgment is manifestly for the right party and should be affirmed. *Farrington* and *Sturgis, JJ.,* concur.