**In re AUSTIN.**

**No. 41768.**

District Court, E. D. New York.

Jan. 13, 1942.

Supplemental Opinion Jan. 26, 1942.

Morris & Samuel Meyers, of New York City, for petitioner.

Jules Chopak, of New York City, in pro. per.

David F. Cohen, of New York City, for Jules Chopak.

Edward P. Sobel, of New York City, for an assignee of debtor.

Harry Spiegelman, of Brooklyn, N. Y., for another assignee of debtor.

BYERS, District Judge.

This is a motion by a debtor who filed his petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., on or about October 9, 1941, for a stay of proceedings now pending in the Supreme Court of this State, to fix the attorney's lien of debtor's successor as attorney for plaintiff in the case of Eifert v. United States Fidelity and Guaranty Company.

The proceeding sought to be stayed ripened into an order which, as resettled, bears date of January 2, 1942.

That order was granted in the said action, and has for its object, inter alia, the ascertainment of the lien of one Chopak who became the attorney of record for the plaintiff in that action, upon the consent of the debtor and his then client.

Both the debtor and his trustee were parties to that motion, and agreed to the terms of the order as resettled.

There would be no cause for consideration of the entire subject-matter by this court, save that it is now asserted that Chopak's lien will not exhaust the sum earned by the plaintiff's former attorney (the debtor), which means that debtor's property in that representation passed to his trustee in this proceeding. The issue is complicated by one or more assignments which the debtor made of his residual interest in his original retainer, to one or more other persons; his general creditors are interested in the disposition finally to be ordered, of whatever his participation in the plaintiff's recovery shall be found to be.

So far as Chopak's right to have his lien adjudicated in the Supreme Court is concerned, there can be no question (Sherman v. Buckley, 2 Cir., 119 F.2d 280); the fact that the process will establish the debtor's apparent participation in the contingent fee of plaintiff's original attorney cannot be permitted to obscure Chopak's said rights to

have his lien fixed. So far, the order of the Supreme Court is not affected by the stay issued in this proceeding on October 9, 1941, which was directed to all creditors of the debtor.

Chopak's status as the plaintiff's attorney in the Eifert case is one thing; his status as a creditor of Austin, the debtor in this proceeding, is another, and must be adjudicated in this court.

With respect to the ultimate disposition of Austin's fee as the original attorney for the plaintiff in the Eifert case, and the extent to which it was a property right at the time he filed his petition herein, and how his share of the fee should be administered, are essentially matters affecting his creditors as a whole, and not only those who assert special interests by reason of purported assignments and the like.

It seems that these matters were not sufficiently brought to the attention of the Supreme Court in connection with the order to which reference has been made, and I therefore suggest that the debtor or his trustee promptly move to resettle the said order so as to provide that the nature and extent of Chopak's lien, as attorney for the plaintiff in the said action, be determined therein, and that the balance of the fee of plaintiff's attorney be deemed the property of the debtor Austin in this proceeding, and that the payment thereof shall be subject to the order of this court.

Such distribution will be made after appropriate proceeding herein upon notice to all claimants and to the creditors of the debtor.

Final decision of this motion will be withheld pending such application to the Supreme Court of New York, and the entry of such order as may be made therein.

### Supplemental Memorandum.

This court has now received a copy of an order of the Supreme Court of New York, dated January 23, 1942, resettling the order of January 2, 1942, and it now seems clear that the matters referred to the official referee of that court should not be hindered by the stay now sought, for reasons which have been explained in the memorandum filed herein of January 13, 1942.

The motion for a stay is accordingly denied as to the said proceedings before the official referee as defined in the said resettled order. Settle order.