### In the Matter of Jack WASSERMAN and David Carliner.

#### Misc. No. 32–61.

United States District Court
District of Columbia.
Oct. 20, 1961.

---

Joseph A. Lowther and Joseph M. Hannon, Asst. U. S. Attys., Washington, D. C., for the Government.

Charles R. Richey, Washington, D. C., for respondents.

HOLTZOFF, District Judge.

This is a proceeding brought by the Commissioner of Internal Revenue to require Jack Wasserman and David Carliner, who are members of this bar, to respond to an administrative summons in connection with the investigation of income tax returns of one Carlos Marcello and Vincent Marcello, who were clients of the two respondents in this proceeding. The information sought is the amount of fees paid by the two taxpayers to the respondents as their counsel for legal services, the dates of payments, and by or through whom the payments were made.

This proceeding is instituted under the provisions of 26 U.S.Code § 7602, which reads in part as follows:

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

"(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

"(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

"(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry."

In connection with discovering and investigating frauds on the revenue, the Secretary of the Treasury is given by this statute a wide authority to carry on investigations and to examine witnesses and records. It is claimed, however, that there is no showing that this investigation is necessary or that the information desired is relevant. In support of this contention, the respondents refer to 26 U.S.Code § 7605(b), which reads as follows:

"No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be

made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."

It would seem from the language of this statute that this provision is a matter of defense to the inquiry and that the burden is on the taxpayer or the witness, as the case may be, to show that the examination or investigation is unnecessary, and that one inspection of the taxpayer's books for each taxable year has already been made.

■ But irrespective of that and without relying on this interpretation of the statute, the application sets forth sufficiently both the necessity of the investigation and the necessity and relevancy of the information desired from these respondents. It is set forth that since February, 1961, the Commissioner of Internal Revenue has been investigating the tax liability of Carlos Marcello and Vincent Marcello covering the period 1956 through 1959, inclusive. The Government has filed, in connection with this proceeding, waivers signed by the two taxpayers waiving the statute of limitations back to the year 1956. It also appears that the respondents in this proceeding have declined to supply the information.

As to materiality of the information, that appears to be obvious. Payments made by the taxpayer are necessarily relevant to an investigation of the accuracy of his income tax returns for various reasons. First, it may be desirable to ascertain whether the taxpayer is entitled to certain deductions that he is claiming; for example, whether he actually made payments for attorneys' fees to the respondents which he claims as deductions in his income tax returns. Again, these payments may be material in determining whether the taxpayer has made payments largely in excess of income that he shows in his income tax return. Again, it may be material in connection with any case instituted by the Govern-

ment on the net worth theory. Consequently, the Court reaches the conclusion that the information desired in this proceeding by the Commissioner of Internal Revenue is both necessary and material as well as relevant.

■ It is then urged that the amount of fees received by the respondents as counsel for the two taxpayers in connection with legal services rendered by them constitutes a confidential communication and the information is within the attorney and client privilege. The Court is of the opinion that it was entirely proper—in fact, it was the duty of the respondents—to call to the attention of the Court the existence of this privilege and request a ruling in respect to it. In so doing they were performing their duties as members of the bar. The Court is of the opinion, however, that the amount of fees paid by a client to his lawyer and the dates of payment, is not a confidential communication and this information does not come within the attorney-client privilege.

There are very few decisions on this point, strangely enough, and we must go back to first principles. Why is the privilege granted and what is its purpose? This is briefly summarized in Wigmore on Evidence, Vol. 8, Sec. 2291, as follows:

"In order to promote freedom of consultation of legal advisers by clients, the apprehension of compelled disclosure by the legal advisers must be removed; hence the law must prohibit such disclosure except on the client's consent."

■ In other words, the purpose of the privilege is to prevent the disclosure of any communication or information conveyed between attorney and client in connection with the rendition of legal services. The fact of employment is not a confidential communication, nor is the amount of fee paid within the basic philosophy of the privilege.

In United States v. Pape, 144 F.2d 778, 782, the Court of Appeals for the Second Circuit, in an opinion written by Judge Clark, held as follows:

"The authorities are substantially uniform against any privilege as applied to the fact of retainer or identity of the client. The privilege is limited to confidential communications, and a retainer is not a confidential communication, although it cannot come into existence without some communication between the attorney and the—at that stage prospective—client."

This Court is of the opinion that the amount of fee paid during the attorney and client relationship is within the rule of the Pape case.

In Baskerville v. Baskerville, 246 Minn. 496, 75 N.W.2d 762, 767, the Supreme Court of Minnesota expressly held that fee arrangements between attorney and client are not within the attorney and client relationship.

The respondents cite a decision of the highest court of Missouri, handed down in 1886, State v. Dawson, 90 Mo. 149, 1 S.W. 827, 829. If this case is to be construed as holding to the contrary of the principle to which reference has just been made, this Court will not follow it but prefers to follow the decisions of the Second Circuit and of the Minnesota Supreme Court. Actually, the case is distinguishable on its facts. The case was a prosecution for burglary and larceny. Part of the proceeds of the crime were certain silver coins. The defendant's attorney was required to testify as to whether defendant paid him, as a retainer, certain silver coins. The purpose of the testimony was to show possession of silver coins by the defendant as a link in the chain of proof of the crime. The amount of the retainer was not involved but merely the question whether it was paid in silver or otherwise.

In the light of this discussion, the Court is of the opinion that the questions that the Commissioner of Internal Revenue desires to propound to the two respondents are proper and the information which he seeks from them should be given.

In this connection, the Court might observe that the case of Montship Lines, Ltd. v. Federal Maritime Board, 295 F.2d 147, decided by the Court of Appeals for the District of Columbia on June 30, 1961, is not applicable because it involved an entirely different statute enacted for an entirely different purpose.

The application of the Government is granted. Counsel may submit an appropriate order.