HERBERT L. COHEN, TRUSTEE *v.* LEONARD P. CASILLO ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 140

Argued February 10—decided May 28, 1976

*J. Roger Shull,* pro se, the appellant (defendant trustee in bankruptcy).

*David I. Cohen,* for the appellee (defendant Casillo).

SPONZO, J.  This action was brought by the plaintiff Cohen as stakeholder of a brokerage commission due Olga M. Gerbino, a real estate broker who is now deceased.  The defendants Casillo and Shull, on order of the court, interpleaded and presented their claims.  Casillo claimed the commission as assignee, Shull as trustee in bankruptcy of Gerbino.  The court found that the commission was not an asset of the bankrupt's estate and ordered the plaintiff to distribute the fund, after deducting reasonable attorney's fees and costs, to the defendant Casillo.  The trustee in bankruptcy has appealed from that judgment.

The finding of the trial court, which was not contested by either party, establishes the following

facts: Olga Gerbino was a real estate broker. On July 28, 1968, she negotiated a contract of sale of real property located in Stratford, Connecticut, for which she was to be paid a commission at the time of closing. The total commission anticipated was $13,500 and Gerbino's share would be $6750. On July 29, 1968, Gerbino made an "absolute assignment" of the commission to Leonard P. Casillo. Casillo did not file a financing statement with the secretary of the state describing the assignment of the commission. On March 5, 1969, Gerbino was adjudicated a bankrupt on a petition filed by her. Shull was appointed trustee in bankruptcy. The sale of the Stratford land took place in 1973 and the broker's commission of $6750 was paid to the plaintiff as a stakeholder. Upon those facts the trial court concluded that the broker's commission was not an asset of the bankrupt's estate because the commission was not to be earned until title to the Stratford property passed.

The principal issue on this appeal is whether the assignee's claim to the commission is prior in right to the claim of the trustee in bankruptcy. The trustee in bankruptcy's assignments of error are directed at the court's conclusion that the commission was not an asset of the bankrupt's estate and at the court's failure to award priority to him as trustee in bankruptcy over the assignee who he claims has failed to perfect his assignment.

Under § 70a (5) of the Bankruptcy Act; 11 U.S.C. § 110 (a) (5);[1] a twofold test must be satis-

---

[1] Section 70a (5) of the Bankruptcy Act (11 U.S.C. § 110 [a]), provides, in relevant part, that "[t]he trustee . . . shall . . . be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition . . . to . . . (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered . . . ."

fied before an asset is considered to be part of the bankrupt's estate. First, the asset must qualify as "property" within the scope of § 70a (5). Then it must be determined whether the asset was transferable or subject to levy as of the date of bankruptcy.

An asset is § 70a (5) property if it is "sufficiently rooted in the prebankruptcy past and so little entangled with the bankrupts' ability to make an unencumbered fresh start . . . ." *Segal* v. *Rochelle,* 382 U.S. 375, 380. See *Lines* v. *Frederick,* 400 U.S. 18; *Local Loan Co.* v. *Hunt,* 292 U.S. 234. "The main thrust of § 70a (5) is to secure for creditors everything of value the bankrupt may possess in alienable or leviable form when he files his petition. To this end the term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." *Segal* v. *Rochelle,* supra, 379.

A commission or fee will be held to be § 70a (5) property if all the acts necessary to earn it are rooted in the prebankruptcy past. *In re Semel,* 411 F.2d 195 (3d Cir.); *Hudson* v. *Wylie,* 242 F.2d 435 (9th Cir.); *In re Hannan,* 127 F.2d 894 (7th Cir.); *In re Wright,* 157 F. 544 (2d Cir.); *In re Fahys,* 18 F. Sup. 529 (S.D. N.Y.). Under Connecticut law, a real estate broker "is entitled to a commission if he procures a purchaser ready, willing and able to buy on the terms stated or on terms satisfactory to the owner. *Marshall* v. *Sturgess & Jockmus, Inc.,* 150 Conn. 59, 62 . . . ; *Richter* v. *Drenckhahn,* 147 Conn. 496, 500 . . . ." *Busker* v. *United Illuminating Co.,* 156 Conn. 456, 465.

In this case, the trial court found that the broker "negotiated a contract of sale of real property" on July 28, 1968, and that "[s]he was to be paid her

share of the commission at the time of the closing." From those findings it may be reasonably inferred that the broker was entitled to her commission because a contract of sale was entered into by the parties. Accordingly, it may also be reasonably inferred that the broker performed all the acts necessary to entitle her to her commission on or prior to July 28, 1968, some eight months before she was adjudicated bankrupt on March 5, 1969. Whatever services she may have rendered or acts she may have performed were "rooted in the pre-bankruptcy past." It was not necessary for her to perform any other acts toward ensuring the closing of the transaction to be entitled to the commission. The contingent nature of the commission does not bar its treatment as § 70a (5) property. *Segal* v. *Rochelle,* 382 U.S. 375, 380.

Furthermore, it cannot be found that this particular commission was essential to the bankrupt's ability to make an unencumbered fresh start. See *Kokoszka* v. *Belford,* 417 U.S. 642, 648; *Lines* v. *Frederick,* 400 U.S. 18, 20. Under all the tests enunciated by the Supreme Court, the brokerage commission must be considered to be § 70a (5) property.

Section 70a (5) property, however, will not pass to the trustee in bankruptcy unless it was alienable or leviable as of or prior to the date of the filing of the bankruptcy petition. Since the right to claim the commission was vested in the broker at the time the contract of sale was negotiated, it was transferable prior to the date of the filing of the bankruptcy petition. In fact, Gerbino did assign the commission and the assignment was effective. *Hansel* v. *Hartford-Connecticut Trust Co.,* 133 Conn. 181, 189.

It is clear, therefore, that the trial court erred in concluding that the commission was not an asset

of the bankrupt's estate since it qualifies as § 70a (5) property and it was transferable prior to the filing of the petition.

Since we have concluded that the commission was an asset of the bankrupt's estate, the only remaining question is whether the assignment to Casillo was valid as against the trustee in bankruptcy. If the assignment was intended to satisfy a preexisting debt owed to the assignee, it would have priority over the trustee in bankruptcy. *Lyon* v. *Ty-Wood Corporation*, 212 Pa. Super. 69. If, however, the transaction was intended to create a security interest, the trustee in bankruptcy would have priority since the assignee did not perfect his interest; General Statutes § 42a-9-301 (1) (b); unless the assignee can establish that the interest comes under one of the filing exceptions of § 42a-9-302 (1) of the General Statutes.

The trial court in this case stated in the finding that "Gerbino made an absolute assignment of the commission to the appellee, Leonard P. Casillo." That statement is a legal conclusion, not a finding of fact. There are no subordinate facts in the finding which would support that conclusion and it is not apparent from the record whether any evidence was introduced on that point. Furthermore, because the trial court concluded that the commission was not an asset within the bankrupt's estate, it never ruled on the trustee in bankruptcy's claims that the assignment was intended for security or on assignee's claims that it was not, or, if the court found that it was, that the interest came under the filing exception of § 42a-9-302 (1) (e).

The trial court's finding contains no facts from which this court can determine whether the assignment was intended as payment for a preexisting debt or as a security interest. Consequently, we

cannot determine whether the assignee's claim to the commission is prior in right to the claim of the trustee in bankruptcy. A new trial is necessary to determine whether the assignment was effective as against the trustee in bankruptcy.

There is error in the conclusion that the commission was not an asset of the bankrupt's estate.

There is error, the judgment is set aside and a new trial is ordered limited to the issue of whether the assignment was effective as against the trustee in bankruptcy.

In this opinion PARSKEY and D. SHEA, Js., concurred.