**In re GRAND JURY INVESTIGATION (Subpoena to Nino V. Tinari).**

**Appeal of United States Attorney, Appellant.**

**No. 80–1290.**

United States Court of Appeals, Third Circuit.

Argued July 7, 1980.

Decided Sept. 15, 1980.

---

**18**

·Peter F. Vaira, U. S. Atty., Philadelphia, Pa., Frank J. Marine (argued), Dept. of Justice, Washington, D. C., Ronald G. Cole, Sp. Atty., Philadelphia Strike Force, Dept. of Justice, Philadelphia, Pa., for appellant.

Vincent P. DiFabio (argued), Philadelphia, Pa., for appellee.

Before WEIS, VAN DUSEN and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

A federal grand jury investigating perjury and obstruction of justice subpoenaed Nino V. Tinari, a practicing attorney in Philadelphia, and ordered him to produce his financial records reflecting payments made to him for legal services rendered his client, Richard Coppola. The district court granted Tinari's motion to quash the subpoena, holding that to compel the production of these records would impair the attorney–client relationship.

A year before this grand jury began its investigation, Coppola had pleaded guilty to criminal charges and agreed to cooperate with the government. He later testified for the prosecution in a trial that resulted in the conviction of four defendants on arson related charges. After those convictions were obtained, Tinari was retained by Coppola to file a motion to withdraw the guilty plea, alleging that the government had coerced it and forced him to testify falsely at the trial.

At a hearing on the motion, Coppola stated that he had not received anything of value in return for recanting the testimony he had given at the trial. He also said that he had paid Tinari $5,000 for his representation and still owed an additional $5,000. According to Coppola's testimony, he borrowed $5,000 in cash from his brother and sister to make the first payment to Tinari. The district judge denied the motion stating that he believed Coppola had been "reached" and that the Justice Department should consider a prosecution for perjury.

The matter was referred to a grand jury to determine whether Coppola had perjured himself in asserting that he had borrowed the $5,000 from his brother and sister, and whether others were implicated in subornation of perjury and obstruction of justice. It was in the course of this investigation that Tinari was ordered to produce his records for the grand jury.

After the motion to quash Tinari's subpoena was granted, Coppola, represented by a different lawyer, pleaded guilty to conspiracy to obstruct justice. He admitted receiving $10,000 from a relative of one of the arson defendants, paying $5,000 to Tinari and retaining $5,000 as part payment for recantation of his trial testimony. Coppola was sentenced for his offense but the grand jury has not completed its investigation of others who might be inculpated.

Tinari contends that the information sought is within the attorney–client privilege but that in any event the evidence is cumulative and, therefore, the district judge properly quashed the subpoena. The government argues that the fee arrangement between lawyer and client is not privileged and, alternatively, that Coppola waived any rights he might have had by testifying about the fee on several occasions.

■ The first matter to be considered is whether the case has become moot because of Coppola's plea of guilty to the obstruction of justice charge. Because the grand jury is still investigating participation of others along with Coppola in the conspiracy, the matter is not completed. The attorney's records may be helpful to the continuing investigation and, therefore, the case is not moot. *See In re Grand Jury (Johanson)*, Nos. 80–1419, 1456 (3d Cir. Aug. 21, 1980).

■ We turn then to the merits. The attorney–client privilege extends to confidential disclosures made by a client to an attorney in order to obtain legal assistance. *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976). The privilege does not apply to every communication between client and attorney. It does not, for example, protect a disclosure of plans for future illegal activity. *Clark v. United States*, 289 U.S. 1, 15, 53 S.Ct. 465, 469, 77 L.Ed. 993 (1933); *In re Grand Jury (FMC Corp.)*, 604 F.2d 798, 802 (3d Cir. 1979); *United States v. Weinberg*, 226 F.2d 161, 172 (3d Cir. 1955), *cert. denied*, 350 U.S. 933, 76 S.Ct. 305, 100 L.Ed. 815 (1956). Moreover, in the absence of unusual circumstances, the privilege does not shield the fact of retention, the identity of clients, and fee arrangements. *In re Semel*, 411 F.2d 195, 197 (3d Cir.), *cert. denied*, 396 U.S. 905, 90 S.Ct. 220, 24 L.Ed.2d 181 (1969); *accord, In re Walsh*, 623 F.2d 489, 494 (7th Cir. 1980); *United States v. Hodge and Zweig*, 548 F.2d 1347, 1353 (9th Cir. 1977); *In re Michaelson*, 511 F.2d 882, 888 (9th Cir.), *cert. denied*, 421 U.S. 978, 95 S.Ct. 1979, 44 L.Ed.2d 469 (1975). Such information might be protected, however, if the person asserting the privilege can show a strong probability that disclosure of the fact of retention or of the details of a fee arrangement would implicate the client in the very criminal activity for which legal advice was sought. *United States v. Hodge and Zweig, supra* at 1353; *Baird v. Koerner*, 279 F.2d 623 (9th Cir. 1960). That circumstance does not exist here.

■ The fact of an attorney–client relationship between Tinari and Coppola has been freely admitted and no contention has been made that disclosure of the fee arrangement would further implicate Coppola in the matter for which he consulted Tinari. Furthermore, it has never been suggested that individuals who may have made payments on Coppola's behalf were clients of Tinari. Therefore, disclosure of the names of any third parties would not disrupt any other attorney–client relationship. *Cf. In re Grand Jury (Jones)*, 517 F.2d 666 (5th Cir. 1975) (privilege claimed on behalf of unidentified clients who may have made payments for known clients).

There are no unusual circumstances to exempt this case from the general rule that fee information does not come within the attorney–client privilege. Therefore, it will not prevent the grand jury from scrutinizing this fee arrangement. Because of our disposition of this issue, we need not decide whether Coppola waived the privilege.[1] The district court's conclusion that the evi-

---

1. A client may waive the privilege by testifying as to part of a privileged communication. 8 J. Wigmore, Evidence § 2329, at 638 (McNaughton rev. 1961).

dence is merely cumulative does not find support in the record and does not constitute a basis for quashing the subpoena.

Accordingly the order of the district court quashing the subpoena will be reversed.