PER CURIAM:
 

 The Internal Revenue Service (Service) appeals from the decision of the district court affirming an order of the bankruptcy court requiring the Service to grant a credit against the tax liability owed by Barlows, Inc., in the amount of the balance due on an account receivable owned by Barlows that the Service had seized by levy. We affirm.
 

 Barlows is a residential and commercial remodeling and construction firm. In June and July of 1982, the Service made assessments totalling $335,875.87 against Bar-lows for unpaid withholding and Federal Insurance Contribution Act (FICA) taxes for the first and second quarters of 1982. The Service filed notices of federal tax lien regarding these assessments in July and August of 1982.
 

 By August 16, 1982, Barlows had a fully-earned account receivable due from Western Development Corporation in the amount of $102,544.89. It notified the Service of the existence of this account receivable and, on August 16, 1982, the Service served a notice of levy on Western and caused notice of seizure of the account receivable to be served on Barlows. Thereafter, without the participation or knowledge of Barlows, the Service and Western entered into a payment agreement pursuant to which Western agreed to honor the levy by making a series of payments to the Service. After paying $27,000, however, Western defaulted. The Service credited the $27,000 against Barlows’ tax liability but did not bring suit against Western to enforce the payment agreement.
 

 Barlow filed a petition for reorganization under Chapter 11 of the Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 1101-1174 (1982
 
 &
 
 Supp. II 1984) on November 30,
 
 *1100
 
 1982. The Service filed a proof of claim in the amount of $361,147.79, representing the assessed taxes plus interest and penalties less the payments actually made by Western under its agreement with the Service regarding payment of the account receivable. Barlows objected to the claim contending that the Service should be required to credit the full amount of the account receivable, $102,644.85, against Barlows’ tax liability rather than only the $27,000 actually collected from Western.
 

 The parties stipulated to the facts and submitted the matter to the bankruptcy judge for adjudication on the briefs and stipulation. The bankruptcy judge, in a memorandum opinion and order issued on February 8, 1984, 36 BR 826 (Bankr.E.D.Va.), ordered that the Service credit Bar-lows’ tax liability for the full amount of the Western account receivable,
 
 [1]
 
 reasoning that by failing to conduct a sale of the property pursuant to I.R.C. § 6335 (1982) and by exercising complete dominion and control over the account, the Service had precluded Barlows from partially satisfying its tax liability by pursuing the Western account receivable. The district court affirmed the order of the bankruptcy court concluding that, absent consent by Barlows to the payment agreement and in light of the Service assuming complete dominion over the account receivable, the Service could not hold Barlows accountable for Western’s default. The Service appeals.
 

 The Service contends on appeal, as it did below, that IRC § 6335 does not require that it conduct a sale of all property after service of a notice of levy upon a third party, but rather serves as an alternative means by which the Service may collect unpaid taxes. The Service also argues that the district court erred in concluding that because it failed to establish a market price for the account receivable by conducting a sale, the Service was obligated to credit Barlows with the face amount of the account receivable.
 

 Finding no error in the district court’s thorough opinion based on these unique facts, we affirm on the basis of its opinion.
 

 AFFIRMED.
 

 [1]
 

 . The bankruptcy judge also ordered that the Service grant a credit in favor of Barlows for interest charged after August 16, 1982 on the amount represented by the amount of the account receivable.