**In re IMPOUNDED CASE
(LAW FIRM).**

**Nos. 88–5940, 89–5152.**

United States Court of Appeals,
Third Circuit.

Argued April 27, 1989.

Decided July 24, 1989.

Michael R. Perle (argued), Hayden, Perle & Silbur, Hoboken, N.J., for appellants.

Samuel A. Alito, Jr., U.S. Atty., Edna Ball Axelrod, Chief Appeals Div., Marion Percell, Asst. U.S. Atty., Richard J. Schechter, Asst. U.S. Atty. (argued), Newark, N.J., for appellees.

Before SEITZ,* SLOVITER and GREENBERG, Circuit Judges.

OPINION OF THE COURT

SEITZ, Circuit Judge.

These two appeals were consolidated for argument before this court. The origin of this controversy is recounted in our earlier opinion. *In re Impounded Case (Law Firm)*, 840 F.2d 196 (3d Cir.1988). We will repeat that scenario only to the extent necessary to an understanding of the issues raised on these appeals.

In 1985, in a miscellaneous criminal proceeding, the law firm[1] involved in these appeals was served with a search warrant

---

* Since the date of the argument in this case, Judge Seitz has taken senior status.

1. We shall refer to the "law firm" throughout this opinion for convenience purposes. We do not mean to imply collective alleged wrongdoing.

authorizing the search of its office and the seizure of certain identified files and other material. The application for the warrant was supported by an affidavit of a special agent asserting the bases for probable cause to believe that evidence of certain identified federal crimes would be found at the office. Because of a recognized concern for privacy interests, the terms of the warrant provided that certain files were not to be inspected without leave of court, pursuant to a notice procedure. The government does not attack this procedure.

Shortly after the search and seizure, the law firm filed an application in the miscellaneous proceeding in the district court in which it sought to prevent the government from inspecting the seized material and to have it sealed. The court by order dated February 21, 1985, granted such relief until further order of the court. Thereafter, by order dated March 26, 1985, in the same proceeding, the court granted what amounted to a preliminary injunction essentially continuing the sealed status of the seized documents.

Meanwhile, on March 1, 1985, the law firm filed an independent civil action in the district court seeking, *inter alia,* injunctive relief in the form of an order directing the return of the seized items. In 1987, the district court granted mandatory relief in the civil action, directing the return of the documents, solely on the ground that the search warrant was overbroad and thereby violated the fourth amendment. A stay was granted and thereafter this court reversed, *In re Impounded Case (Law Firm), above,* concluding that the warrant was not overbroad. It remanded the case to the district court for further proceedings.

After remand, the district court granted the government's motion for partial summary judgment in the civil action by order dated October 17, 1988. It rejected the firm's attacks on the manner in which the search warrant had been executed and the reasonableness of the government's seizure of certain files. On December 15, 1988, the district court issued a final order dismissing the law firm's complaint. This is one of the two orders appealed (No. 89–5152).

During this same period, on October 27, 1988, the government filed a renewed request in the miscellaneous proceeding for the entry of an order authorizing it to inspect the seized but sealed documents. The government filed with its application an affidavit by a Special Attorney in the Department of Justice supporting its position on the application of the crime-fraud exception to the attorney-client privilege and the work product doctrine. The district court ordered the law firm to show cause why the requested order should not be entered.

After briefing and argument, the district court entered an order on December 5, 1988, in the miscellaneous proceeding, permitting the government to inspect the seized material with two limitations:

(1) the law firm was given until December 12, 1988, to present to the court any document disclosure of which the law firm believed " 'would implicate the client in the very criminal activity for which legal advice was sought.' *See In re Grand Jury Investigation (Tinari),* 631 F.2d 17, 19 (3d Cir.1980), *cert. denied,* 449 U.S. 1083, 101 S.Ct. 869, 66 L.Ed.2d 808 (1981)." If the law firm presented any such document the court would then decide whether it was privileged.

(2) the parties were given until the same date to meet, examine the exteriors of the files, and determine whether the files were properly seized pursuant to the search warrant.

The December 5, 1988, order is the second order appealed (No. 88–5940). This court denied a stay of this inspection order and apparently the government was given access to most of the previously sealed documents. On December 15, 1988, the law firm filed one notice of appeal covering the final order in the civil action dated December 15, 1988 and the December 5, 1988 order in the miscellaneous proceeding. By orders dated December 22, 1988 and January 20, 1989, the district court decided the matters reserved in its December 5, 1988 order in the miscellaneous proceeding.

## APPEAL IN MISCELLANEOUS PROCEEDING

It is important to address the jurisdictional basis of this appeal. Since the notice of appeal with respect to the miscellaneous proceeding was filed before a final judgment was entered therein, we have no jurisdiction under 28 U.S.C. § 1291. However, viewing the court's interlocutory order of December 5, 1988, as constituting a modification of the injunction entered February 21, 1985, we have appellate jurisdiction under 28 U.S.C. § 1292(a)(1). We note, however, and the law firm agrees, that the appeal does not encompass the subject matter of the orders entered after the December 15, 1988, notice of appeal.

The first issue posed by this appeal from the order of December 5, 1988, is the legality of the application of the crime-fraud exception to a situation where the attorney-client privilege and the privilege derived from the work product doctrine are asserted when the alleged criminality being investigated is solely that of the law firm. The law firm argues that the crime-fraud exception cannot abrogate the very special and jealously guarded interests served by the attorney-client privilege and the work product protection where the wrongful acts charged are those of the attorney alone.

Parenthetically, we emphasize that we are addressing only the seized materials that are subject to the attorney-client privilege and the work product doctrine under accepted definitions of those terms. Furthermore, in the interest of simplicity, we will first address the attorney-client privilege even though the parties treat it along with the work product rule.

Before turning to the crime-fraud exception, we note that the government suggests that some seized materials may implicate clients. It seems to be agreed, however, that other seized matters relate only to the law firm. Since, in its briefing, the law firm stresses the importance of the fact that the alleged criminality was solely that of the law firm, we assume that it is not pressing an attorney-client privilege argument with respect to seized materials that may implicate its clients in criminal activity. Rather, we understand that the privilege it is asserting on behalf of its clients covers materials relating solely to possible criminal activity of the law firm.

■ Certain established legal principles and undisputed facts provide the background for our resolution of the firm's contention. First and foremost, the attorney-client privilege belongs solely to the client. *In re Grand Jury Proceedings (FMC)*, 604 F.2d 798, 801 (3d Cir.1979). It may, however, and, indeed, generally must be asserted for the client by the attorney unless the client directs otherwise. Here the record is silent as to the wishes of the clients whose files may be subject to the warrant. The government does not suggest, however, that the law firm lacked authority to claim the privilege on behalf of the clients. Under these circumstances, we must presume that the law firm was authorized to assert the privilege on behalf of its clients with respect to materials covered by the privilege. Finally, it is not contended that there is any other impediment to the law firm's raising the privilege defense even though some of its members may be the sole objects of the criminal investigation supporting the search warrant.

■ It is, of course, clear that the crime-fraud exception is a limitation on the right of a client to assert the privilege, either directly or through his attorney, with respect to pertinent documents seized by the government, when the client is charged with continuing or planned criminal activity. *See In re Grand Jury Proceedings (FMC), above*, at 803. The law firm contends that the exception stops there. In other words, it argues that the crime-fraud exception does not apply to defeat the client's privilege where the pertinent alleged criminality is solely that of the law firm. We cannot agree.

It is not apparent to us what interest is truly served by permitting an attorney to prevent this type of investigation of his own alleged criminal conduct by asserting an innocent client's privilege with respect to documents tending to show criminal activity by the lawyer. On the contrary, the

values implicated, particularly the search for the truth, weigh heavily in favor of denying the privilege in these circumstances. Case law in work product situations lends support to this conclusion. *Moody v. Internal Revenue Service*, 654 F.2d 795 (D.C.Cir.1981); *In re Sealed Case*, 676 F.2d 793 (D.C.Cir.1982); *In re Doe*, 662 F.2d 1073 (4th Cir.1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1632, 71 L.Ed.2d 867 (1982); and *see Appeal of Hughes*, 633 F.2d 282 (3d Cir.1980). Although we may be addressing an issue of first impression, we see no persuasive reason why the considerations applicable to our work product analysis should not tilt the scales in favor of disclosure in the attorney-client setting. We recognize some resulting erosion of the attorney-client privilege but we think societal interests outweigh that protection here. Furthermore, disclosure can be obtained only in a context where the district court will first evaluate, *in camera*, the right of the government to gain access to the documents. *See United States v. Zolin*, —— U.S. ——, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989). This assurance tends to confine the invasion of the client's privilege to materials pertinent to criminal prosecution of the attorney alone. We do not deem the price too high.

The law firm relies on *DeMassa v. Nunez*, 770 F.2d 1505 (9th Cir.1985). That case does not discuss the crime-fraud exception. Indeed, it does not appear that in that case the government advanced a contention, such as that asserted here, that the exception was applicable where only the alleged criminal conduct of the attorney is involved. If that opinion can be read to reject the applicability of the crime-fraud exception in all cases where counsel is the sole object of the investigation, then we find ourselves in disagreement with it.

■ The law firm also asserts a privilege derived from the work product doctrine. It may, of course, assert such a privilege on its own behalf. At least in certain circumstances the privilege may also be asserted by the client. *In re Grand Jury Proceedings (FMC), above*, at 801. Once again, we can discern no meaningful client interest that would be served by the application of the work product doctrine here. Nor, more to the point, can we think of any legitimate reason why it should be applied automatically for the law firm's benefit in these circumstances. We therefore conclude that the crime-fraud exception also applies here to appropriate work product materials. No fifth amendment issue is suggested.

Our conclusion above does not end the matter for we come next to the law firm's argument that, even if this crime-fraud exception applies, the district court formulated it too broadly in its order of December 5, 1988. As noted above, in that order, the district court concluded that all the seized documents fell within the crime-fraud exception, except those implicating the clients in the very criminal activity for which legal advice was sought. Although we cannot say with complete assurance that this issue is presented in this appeal in view of the scope of the order reviewed, we resolve our uncertainty in favor of entertaining the issue because of its importance.

■ The government and the district court appear to believe that the probable cause showing to obtain the search warrant triggered the application of the crime-fraud exception without more, except *in the very narrow circumstance* noted. We think the district court's expansive reading of the crime-fraud exception here takes too narrow a view of a client's privilege. We believe that if the client is not implicated in criminal conduct the privilege obtains unless a document is pertinent to the accusation of criminal activity by the attorney alone. Our conclusion is consistent with the proper scope of the privilege and its limitations.

We conclude that on remand the law firm must be afforded an opportunity to raise pertinent privilege challenges and to have them resolved pursuant to established procedures. *See Zolin*, —— U.S. ——, 109 S.Ct. 2619, and *see, Klitzman, Klitzman and Gallagher v. Krut*, 744 F.2d 955 (3d Cir.1984). That has yet to be fully done. Of course, in view of the disclosure here, there will be no need to employ an *in*

*camera* review as to the disclosed documents.

## APPEAL IN CIVIL ACTION

The government has moved to dismiss the law firm's appeal from the district court's order granting judgment to the government in the civil action. It is clear that this appeal involves a final judgment under 28 U.S.C. § 1291. Nevertheless, the government bases its motion on the ground that the privilege issues raised by the law firm in this appeal were asserted and decided solely in the miscellaneous proceeding and should be resolved in that appeal. The law firm responds to the government's motion by asserting that it sought the same basic relief in both cases, and thus it maintains that the appeal in the civil action should not be dismissed.

Given the briefing in these appeals, we have difficulty finding any legal issues presented here that were not presented and resolved in the appeal in the miscellaneous proceeding. However, we will not dismiss the appeal because the action of the district court in this case can be read as necessarily deciding the privilege issues also. We merely note that the allegations of the complaint in the civil action raise the privilege issues and request that the documents be returned.

We will therefore deny the motion to dismiss. However, in view of our conclusion in the miscellaneous proceeding, we believe that in this action too, the law firm is entitled to a remand to advance the same privilege claims.

On remand the district court may wish to consider whether the pertinent issues in both cases should be heard and determined together.

## CONCLUSION

The judgments in both appeals will be vacated and the matters remanded to the district court to the extent necessary to implement the rulings in this opinion.