In re **METROPOLITAN METALS, INC.**, Debtor.

**Charles J. DeHART, III, Trustee in Bankruptcy for Metropolitan Metals, Inc., Plaintiff,**

v.

**Joseph F. ENOS, Respondent.**

Bankruptcy No. 79–318.

United States Bankruptcy Court, M.D. Pennsylvania.

Dec. 18, 1989.

See also, Bkrtcy., 50 B.R. 685.

---

Edward W. Rothman, Harrisburg, Pa., for plaintiff.

J. Stephen Carlton, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for IRS.

David Shaughnessy, Boston, Mass., John A. Noonan, Bridgewater, Mass., for respondent.

OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

Before the Court is a Motion of Joseph F. Enos (hereinafter "Enos") to Join the United States as a party pursuant to Federal Rule of Civil Procedure 19(a). For the reasons provided herein, we deny this request.

The Trustee, Charles J. DeHart, III, commenced this proceeding by filing objections to claims filed by Enos & Sons in this bankruptcy. Enos responded by filing objections to the Trustee's Objections and, thereafter, the instant Motion to join the United States as a indispensable party under Federal Rule of Civil Procedure 19(a). In short, Enos asserts that the United States joinder as a party is necessary to resolve the issues pending between the parties and that the United States has an

interest in the subject matter of the present dispute which, if unrepresented, may result in harm to both the United States and the parties to the litigation. In support of this position, Enos relies primarily on the case of the *United States v. Barlow's, Inc.*, 767 F.2d 1098 (C.A. 4th Cir.1985).

Both the United States and the Trustee filed responses to the Motion to Join. The United States argues that joinder is not proper because the Motion fails to assert a claim for affirmative relief against the United States. The United States acknowledges that its collection rights on the prepetition levy served against the debtor may be affected by the litigation pending between the Trustee and Enos. But, the United States agrees to be bound by any determination made by this Court and, further, understands that whatever determination made by this Court concerning the potential obligation of the debtor to Enos may result in a reduction of the claim of the United States against the debtor. The government asserts, however, that should its claim be diminished in any fashion in the administration of the debtor's estate, then it will seek recourse against Enos' assets for revenue collection.

The arguments are essentially echoed by the Trustee in this case. The Trustee also distinguishes the *Barlow's* case, *supra*, upon which Enos relies, and argues that it essentially does not have any relevance to the issue of whether the United States should be involuntarily compelled to join in this litigation. We agree that the *Barlow* case does not support Enos' argument.

Based upon a review of Enos' Motion to Join the United States as a party and the responses thereto, we will not compel the participation in the litigation by the United States and consequently, we deny Enos' Motion to Join the United States as an indispensable party under Federal Rule of Civil Procedure 19(a).

IT IS SO ORDERED.