**In re David D. NECE and Kathleen M. Nece, Debtors.**

**Civ. A. No. 91–2290.**

United States District Court,
S.D. Texas.

May 6, 1992.

G. Hobart Miller, U.S. Dept. of Justice, Tax Div., Dallas, Tex., for U.S.

Carolyn A. Taylor, Urban & Coolidge, Houston, Tex., for debtors.

## OPINION ON APPEAL

HUGHES, District Judge.

### 1. *Introduction.*

The IRS has appealed from the bankruptcy court's order granting the debtor, David Nece, a setoff of $82,105.44 to his tax liability. Nece owed the taxes under a federal statute assessing penalties against a principal when the corporate taxpayer fails to pay to the government taxes withheld from employees. The bankruptcy court held that the IRS abused its discretion in failing to sue the company's sureties before attempting to collect from Nece, and this was sufficient to credit Nece's person-

al tax liability in the amount of the unpaid taxes. The general rule is that the IRS need not attempt collection from the corporate taxpayer before collecting the penalty. The judicially established equitable exception to this rule does not apply to these facts. The setoff will be reversed, and the claim allowed in full.

### 2. Background.

The facts are not disputed. David D. Nece filed a voluntary petition under Chapter 11 in 1989. Nece is the president of Great Western Roofing, Inc., a company also in bankruptcy. The Internal Revenue Service filed a proof of claim for $388,-200.42 against Nece's estate. As a "responsible officer," he is personally liable for his company's failure to pay employment withholding taxes to the IRS. 26 U.S.C. § 6672. The statute allows the IRS to impose a 100% penalty upon a corporate official actually responsible for the corporation's failure to pay over withheld taxes to the United States. The parties do not dispute that Nece's capacity with the corporate taxpayer made him a "responsible officer" liable for the unpaid taxes under the statute.

Because it contracted to work for the government, Great Western was required to and did obtain surety performance bonds covering its government roofing jobs. 40 U.S.C. § 270a(d). These bonds covered unpaid tax liability. After the IRS filed a claim in bankruptcy, Nece notified them of the existence of these bonds. He requested that the IRS pursue collection of payment from these sureties. In January of 1989, the IRS sent demand letters. The sureties refused to pay. Nece requested that the IRS continue prosecution efforts against the sureties, but the IRS failed to sue them before the statute of limitations ran.

### 3. Holding of the Bankruptcy Court.

The bankruptcy court held that the IRS's failure to pursue further collection on the surety bonds after the sureties refused to pay was an abuse of discretion as a matter of law. The court allowed Nece a credit against his personal tax liability for $82,-105.44. The court relied on a judicially established equitable exception to the general rule that the IRS may seek payment from whomever it desires and is not required to attempt to collect the taxes from the corporate taxpayer before collecting from the responsible officers.

### 4. Analysis of the Exception to the Rule.

■ As a general rule, the liability imposed on a responsible person under the statute is distinct from the corporation's duty to pay the taxes withheld from its employees. *Hornsby v. Internal Revenue Service*, 588 F.2d 952 (5th Cir.1979). The IRS is not required to attempt to collect employment withholding taxes from a corporation before assessing and collecting the 100% penalty against its responsible officers. *In re All Star Sports*, 78 B.R. 281, 283 (Bankr.D.Nev.1987). Similarly, the IRS has no duty to go beyond the corporation to the corporation's surety to collect the taxes before looking to the responsible officer. That there may be other fiscally responsible persons does not relieve an officer of his duty to pay taxes under the statute. *Howard v. United States*, 711 F.2d 729, 734 (5th Cir.1983).

■ In this case, however, the bankruptcy court held that an equitable exception should be made for the IRS's abuse of discretion in failing to sue the sureties. Nece argues that the IRS acted unreasonably and capriciously in initiating collection of a portion of the taxes owed by Great Western. The bankruptcy court and the debtor misconstrue this exception. While it seems not to have been efficient or prudent for the IRS to allow the statutory limitations period to lapse before it filed suit against the solvent sureties, the unreasonableness is bureaucratic waste, but the ineptness is not equitable to Nece.

The judicial exception was carved from cases in which the taxpayer's control over available assets was usurped by the IRS, either through assignment of funds or levy. *See United States v. Barlow's Inc.*, 767 F.2d 1098 (4th Cir.1985); *Mangieri v. United States*, 657 F.Supp. 726 (D.Md.

1986). In a case in which a taxpayer owned an account receivable and the IRS seized it by levy and gave the taxpayer notice of this levy, the IRS could not later claim the same funds from the taxpayer. The court held that the actions of the IRS, in "exercising complete dominion and control over the account," precluded the taxpayer from satisfying its tax liability. *United States v. Barlow's Inc.*, 767 F.2d 1098 (4th Cir.1985). In another case, the corporate taxpayer assigned to the IRS its right to collect on a contract with a third party. The IRS never secured the assignment, and the proceeds went to other creditors. The court would not allow the IRS to collect the 100% penalty from the president because as the responsible officer he thought he had taken care of the liability. *Mangieri v. United States*, 657 F.Supp. 726 (D.Md.1986).

In this case the IRS never levied on any property or took an assignment of property. It never controlled the surety bonds; it merely sent demand letters. The taxpayer had as much control over the sureties as the IRS. In fact, Nece had as much control over the sureties as the IRS, and he had the same opportunity to sue them. Nece does not contend that he was mislead into thinking that the government had taken exclusive control to the rights to collect on the bonds and that his tax liability had been resolved.

### 5. *Right to Sue.*

Nece asserts that the government is the only party who had standing to sue the sureties to collect on the bonds. 40 U.S.C. § 270a, *et seq.* This is incorrect. The Miller Act merely establishes a procedure that the government must follow if it chooses to bring suit. "No suit on such bonds for such taxes shall be commenced *by the United States* unless notice is given as provided in the preceding sentence, and no such suit shall be commenced after the expiration of one year after the day on which such notice is given." 46 U.S.C. § 270a(d) (emphasis supplied). Nowhere does the act grant the United States the exclusive right to bring suit. Nece or Great Western could have sued the sureties to relieve them of the tax liability. At least three entities had an opportunity to seek payment on the bonds: Nece's estate, Great Western's estate, and the IRS. The IRS half attempted to collect, but Nece and Great Western tried not at all.

### 6. *Conclusion.*

The bankruptcy court's imposition on the IRS of the burden to collect Nece's debt is clearly erroneous. The decision will be reversed. A judgment will be entered that the United State's claim against Nece is increased by $82,105.44.