### In re METROPOLITAN METALS, INC., Debtor.

### Charles J. DeHART, III, Trustee in Bankruptcy for Metropolitan Metals, Inc., Objector,

### v.

### Joseph F. and Caroline ENOS, Claimants.

### Bankruptcy No. 79–318.

United States Bankruptcy Court, M.D. Pennsylvania.

March 5, 1997.

Hans A. Stoeckler, No. Dighton, MA, for Enos/Claimants.

Stephen A. Moore, Edward Rothman, Harrisburg, PA, for Trustee, Charles DeHart, Esq.

Charles DeHart, III, Trustee in Bankruptcy, Hummelstown, PA.

Angelo Frattarelli, U.S. Dept. of Justice, Washington, D.C., for USA, IRS.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

Joseph F. and Caroline Enos ("Enos") have requested the Court to compel the production of a document from the Chapter VII trustee under Federal Rule of Civil Procedure 37(a). The document in question has been provided to the Court for in camera inspection with the consent of the parties. The document represents a legal memorandum of special counsel to the trustee, Edward Rothman, Esquire, to the trustee as to counsel's opinion regarding the status of a certain Internal Revenue Service claim in the estate.

Enos maintains that its disclosure is mandated for the following reasons: (1) The report does not contain confidences exchanged between an attorney and his client; (2) The document is materially relevant to claimants' case; (3) Attorney Rothman has already given detailed testimony relating to the document and presumably has waived the attorney-client privilege; (4) Creditors' assets were used to pay for counsel's preparation of the document making it a nonprivileged, public record; (5) The contested communication was not prepared in anticipation of any litigation; and (6) Trustee's use of the document was in furtherance of an actual or attempted fraud which makes the document discoverable as an exception to the attorney-client privilege.

"An independent judiciary and a sacrosanct confidential relationship between lawyer and client are the bastions of an ordered liberty." Enda Selan Epstein, *The Attorney–Client Privilege and the Work–Product Doctrine* 2 (3rd ed. 1997).

Of all the testimonial privileges, the attorney-client privilege is the oldest. It is grounded in the fundamental concept that free expression of a client to one's legal advisors requires that the ability to compel disclosures must be removed except upon the client's consent. 8 John Henry Wigmore, *Evidence in Trials at Common Law* § 2291, at 545 (McNaughton rev. 1961). Notwithstanding this policy, the privilege is strictly construed. *In re Baldwin–United Corp.*, 38 B.R. 802, 804 (Bankr.S.D.Ohio 1984). Privileges are generally disfavored in the law. *In re Grand Jury Impounded*, 103 F.3d 1140, 1149 (3rd Cir.1997). Otherwise, the judicial search for truth would be hampered.

Initially, the Enoses claim that there were no confidences exchanged between client and counsel that would allow the report in question to be protected by the attorney-client privilege. Even if that is true, the attorney-client privilege is not so limited. It not only protects the communications that a client might make to this counsel, but it also protects communications that might be made by counsel to the client. 8 John Henry Wigmore, *Evidence in Trials at Common Law* § 2320, at 628 (McNaughton rev. 1961). *In accord, United States v. Amerada Hess Corp.*, 619 F.2d 980, 985 (3d Cir.1980).

Enos further argues that the legal memorandum in question is relevant to the case that the Enoses intend to present in Court.

I have no doubt that this is the case. While the advice and the cases cited within the legal memorandum may be quite valuable to the trustee in the litigations pending before this Court, and while it may be enormously helpful in preparing the Enoses with regard to their case, the legal memorandum does not contain such information which would demand disclosure as a matter of public policy such that its denial would cause hardship or injustice. *Hickman v. Taylor*, 329 U.S. 495, 509, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947).

Enos further claims that Attorney Rothman, in advancing his fee application before the Honorable Judge Robert J. Woodside on July 23, 1985, made such disclosures of the

contents of the memorandum that a waiver of the privilege should be implied.

 I first point out that the privilege is not the lawyer's to waive but the client's. *In re Impounded Case (Law Firm),* 879 F.2d 1211, 1213 (3rd Cir.1989). Nevertheless, a review of the transcript of that hearing of July 23, 1985 will indicate that nothing but a cursory reference was made to the legal memorandum, certainly insufficient to constitute a breach of the privilege.

 Enoses claim that the memorandum should be revealed because it was paid for by funds of the bankrupt estate.

While the privilege has never run in favor of the entity that financed the services, there has developed some complexity arising out of counsel's advice to a fiduciary and whether that advice can be confidential as it relates to a "beneficiary". *See, for example, In re Baldwin–United Corporation,* 38 B.R. 802, 804–06 (Bankr.S.D.Oh.1984). Notwithstanding this and other similar cases, the attorney-client privilege between a bankruptcy trustee and that trustee's counsel appears to remain intact in our district. *In the Matter of The Scranton Corporation,* 37 F.R.D. 465 (M.D.Pa.1965).

 Enoses maintain that there can be no privilege if this research was not prepared in preparation or in contemplation of litigation. Such a requirement has some historical support. 8 John Henry Wigmore, *Evidence in Trials at Common Law* § 2290, (McNaughton rev. 1961 & Supp.1996). The modern rule, however, rejects such a limitation and extends the privilege where legal advice of any kind is sought. *United States v. Moscony,* 927 F.2d 742, 751 n. 13 (3rd Cir.1991) *citing* Wigmore. Nevertheless, it appears rather obvious to this Court that the legal memorandum prepared in 1982 was certainly in contemplation of litigation inasmuch as its substance relates intimately to those cases subsequently advanced and reported in *In re Metropolitan Metals, Inc.,* 50 B.R. 685 (Bankr.M.D.Pa.1985) and *In re Metropolitan Metals, Inc.,* 108 B.R. 467 (Bankr.M.D.Pa. 1989).

Lastly, it is argued that an exception should be made with regard to this document because the advice was given in furtherance of an ongoing fraud.

 As should be obvious, there would be no attorney-client privilege should the information exchanged be utilized in facilitating criminal activity or fraud upon innocent individuals. *In re Grand Jury Proceedings,* 604 F.2d 798, 802 (3rd Cir.1979). Advice sought in pursuing unlawful activity is not a communication that should be protected. *See generally,* 8 John Henry Wigmore, *Evidence in Trials at Common Law* § 2298, (McNaughton rev. 1961 & Supp. 1996).

 Some demonstration is required that the client was planning or engaging in a criminal or fraudulent activity at the time the advice was sought or subsequent to obtaining that advice. Secondly, it must be established that there is an indication that the communication given was made with the intent to further the crime or fraud. *In re Grand Jury Investigation (Schroeder),* 842 F.2d 1223, 1226 (11th Cir.1987).

Enos maintains that the trustee has manipulated the debtor's assets and attempted to cover up a shortage of funds and, therefore, the legal memorandum should be released from the protection of the attorney-client privilege.

 I am aware of the allegation that the funds of this estate are deficient by reason of events dating back to 1982. Whatever evidence supporting this allegation is anticipated to be heard during the week of May 13, 1997 in testimony regarding Enoses' Motion to Remove the Trustee. Even if there were substance to the allegations against the trustee, the Court sees nothing in the legal memorandum that would have aided or abetted the trustee in regard to a defalcation. I emphasize, however, that suspicions about the trustee's financial accounts are premature at best.

In summary, we have found no indication that an exception to the attorney-client privilege should be made with regard to the document in question. Pursuant to the dictates of *Haines v. Liggett Group, Inc.,* 975 F.2d 81, 97 (3rd Cir.1992), the document will remain

sealed during the pendency of this proceeding unless the Court orders otherwise.